# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WALTER R. WINFREE, III,<br><br>*Plaintiff,*<br><br>v.<br><br>DAVID W. HILL, *Sheriff of Nelson County, Virginia*, et al.,<br><br>*Defendants.* | CASE NO. 3:21-cv-00039<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

The plaintiff, a man in his early seventies, was driving down Afton Mountain in Nelson County when he encountered a small bear cub that had been hit by a car. He stopped his vehicle and called wildlife authorities to see about saving the bear cub. A deputy sheriff arrived and directed plaintiff to leave the scene and move his car, and, the plaintiff alleges, stated that he would kill the bear cub. When the plaintiff refused, the deputy sheriff allegedly threw him to the ground violently and without provocation, causing permanent shoulder injuries.

Two issues are pending before the Court. First, whether the plaintiff has stated a claim against the Sheriff of Nelson County (not the deputy). Because the Sheriff was not on the scene and no facts are alleged against him that would state a plausible claim for relief, the Sheriff will be dismissed. Second, the defendants argue that the plaintiff's claims are barred by the applicable statute of limitations. The timeliness of the plaintiff's claims depends upon the length of time that the Supreme Court of Virginia tolled statutes of limitation on account of the COVID-19 pandemic. The Court concludes that the plaintiff timely filed his claims. The plaintiff's case will proceed against the deputy sheriff.

Background

As this case is before the Court on a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

On June 26, 2019, at about 7:25 p.m., Plaintiff Walter Winfree, III, was driving east on Route 250 down Afton Mountain in Nelson County, when he encountered a small bear that had been hit by a car. Dkt. 1 ¶ 7 ("Compl."). Plaintiff exited his vehicle and approached the bear cub, seeing it had sustained minor injuries. *Id.* ¶ 8. The bear cub was on the road. *See id.* ¶ 10. Plaintiff called the Wildlife Center of Virginia's emergency hotline and spoke with an emergency vet to assist the bear cub. *Id.* ¶ 9.

Several minutes later, Defendant Eric Gibson arrived and directed Plaintiff to leave the roadway and the bear so that Gibson could move the bear off the road. *Id.* ¶ 10. The parties identify him as Deputy Eric Gibson. *E.g.*, *id.* ¶¶ 5, 21; Dkt. 13 at 3. Plaintiff asked Deputy Gibson not to do so until the vet arrived to avoid further injury to the bear—Deputy Gibson refused. Compl. ¶ 10. Deputy Gibson then advised he was going to remove the bear cub from the roadway and kill it. *Id.* ¶ 11. Plaintiff "objected … and demanded that Gibson not kill the bear," while Deputy Gibson "demanded that [Plaintiff] leave the bear cub," but Plaintiff "refused to leave." *Id.* ¶¶ 12–13. At that point, "suddenly and without provocation," Deputy Gibson "violently grabbed [Plaintiff], dragging him across the roadway and then took [Plaintiff] to the ground thereby causing serious bodily injury to [Plaintiff's] left shoulder and arm." *Id.* ¶ 14. Plaintiff was at that time 72 years old, 5 ft. 6 in. tall, and weighed about 170 pounds. *Id.* ¶ 15. Plaintiff was alone, unarmed, never made any verbal threat to Deputy Gibson or anyone else, and never punched or hit him during the encounter. *Id.* ¶¶ 16–18.

On October 26, 2021, Plaintiff filed suit pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant David W. Hill, Sheriff of Nelson County, Eric Gibson (also identified as E.S. Gibson), and Nelson County. *See* Compl. Plaintiff brought four counts in the Complaint. Count One was brought against Deputy Gibson—including in his individual capacity—and is entitled "Unlawful Seizure by Excessive Force in Violation of the Fourth and Fourteenth Amendments." *Id.* ¶¶ 23–33. Count Two was the same claim brought against Sheriff Hill in his individual capacity, alleging generally that Deputy Gibson "acted pursuant to the official policies of Hill to recklessly disregard [Plaintiff's] constitutional right to be free from unreasonable seizures." *Id.* ¶ 36; *see id.* ¶¶ 34–39. Count Three was against Deputy Gibson, Sheriff Hill and Nelson County, alleging that Deputy Gibson "acted pursuant to the official policies of Hill and Nelson to recklessly disregard [Plaintiff's] constitutional right to be free from unreasonable seizures." *Id.* ¶ 42; *see id.* ¶¶ 40–41. Lastly, Count Four was for state law battery against all Defendants. *Id.* ¶¶ 46–50.

The Court dismissed Nelson County after this Court issued a Show Cause Order—to which Plaintiff did not respond—why Nelson County should not be dismissed for failure to timely serve it. *See* Dkts. 16–17.

Defendants Sheriff Hill and Deputy Gibson ("Defendants") filed an answer and a motion to dismiss, which has been fully briefed. Dkts. 12–13, 18–19. Defendants later filed a motion for judgment on the pleadings, arguing that the statute of limitations barred Plaintiff's claims, which has also been fully briefed. Dkts. 30–31, 33–34. The Court has heard argument on the motions, which are ripe for disposition.

Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King*, 825 F.3d at 214.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "This standard does not require detailed factual allegations." *ACA Fin. Guar. Corp.*, 917 F.3d at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, "[t]o meet the Rule 8 standard and 'survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor," *King*, 825 F.3d at 212. Yet the Court need not "accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotes omitted).

Rule 12(c) of the Federal Rules of Civil Procedure provides for a motion for judgment on the pleadings after the pleadings are closed. The standard for Rule 12(c) motions is the same as that for motions made pursuant to Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). "A motion for judgment on the pleadings is properly granted if it appears certain that the [nonmoving party] cannot prove any set of facts in

support of its claim entitling it to relief." *Hartford Cas. Ins. Co. v. Davis & Gelshenen, LLP*, 801 F. App'x 915, 916 (4th Cir. 2020). The court must accept as true all material facts alleged in the non-moving party's pleading and view those facts in the light most favorable to the non-moving party. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).

Motion to Dismiss

Defendants' first argument is that Sheriff Hill should be dismissed from Counts Two and Three because he cannot be held vicariously liable for the acts of his deputy. Dkt. 13 at 1–3. Defendants argue that the only allegation concerning Sheriff Hill is that he "ratified and condoned the conduct of Gibson towards [Plaintiff]" after the fact. Compl. ¶ 20. Defendants contend that Plaintiff did not allege that Sheriff Hill was present for the incident, had contemporaneous knowledge of the incident, or knew of any risk prior to the incident (or ignored such risk). Dkt. 13 at 2–3. Accordingly, Defendants argue that "Plaintiff has failed to allege any personal involvement by Sheriff Hill in the incidents giving rise to the Complaint or in his supervisory role over Deputy Gibson." *Id.* at 3.

Plaintiff responds that the Complaint adequately states a supervisory liability claim against Sheriff Hill, noting its allegations that (1) "Hill and Nelson[1] acted with a reckless and callous indifference to [Plaintiff's] federally protected right to be free from unreasonabl[e] seizures," (2) "Sheriff Hill was Deputy Gibson's supervisor and Deputy Gibson acted pursuant to policies established by Sheriff Hill," and (3) that "as a direct and proximately result of the unlawful seizure and excessive force used by Gibson and Hill pursuant to Hill's established policies," Plaintiff suffered injuries. Dkt. 18 at 2 (emphases omitted). Plaintiff argues that these

---

[1] The reference to "Nelson" appears to refer to Nelson County, which was dismissed as a Defendant. Further, there are no specific facts alleged about Nelson County's involvement in any event besides those describing Plaintiff's encounter with Deputy Gibson.

allegations suffice to state a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Dkt. 18 at 3.

Plaintiff's Counts Two and Three fail to state a plausible claim against Sheriff Hill. It is a "long recognized principle that there is no doctrine of respondeat superior under § 1983." *Timpson by and through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022). Thus, "[a] § 1983 plaintiff must show more than mere supervision." *Campbell v. Florian*, 972 F.3d 385, 398 (4th Cir. 2020). Public administrators like Sheriff Hill "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms." *Timpson by and through Timpson*, 31 F.4th at 257. A plaintiff must satisfy three elements to establish supervisory liability under § 1983:

(1) That the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;

(2) That the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and

(3) That there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 257 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

There are no allegations of fact concerning Sheriff Hill (as opposed to legal conclusions or threadbare elements of an offense) that, taken as true, would show any personal or supervisory wrongdoing by Sheriff Hill. There are no allegations that Sheriff Hill had any interaction with the Plaintiff or was at all involved in the alleged constitutional violations. *See Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 711 (E.D. Va. 2009). Nor are there any allegations that could support a claim that Sheriff Hill should have been aware that a subordinate Deputy Gibson posed any risk at all, much less engaged in conduct posing "a pervasive and

unreasonable risk of constitutional injury to citizens like [Plaintiff]." Nor are there any allegations that would substantiate either of the other prongs under *Shaw v. Stroud*. And a conclusory allegation that Sheriff Hill "ratified" the encounter, devoid of factual content, does not suffice. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff's attempt to bring a *Monell* claim against Sheriff Hill makes little sense. A *Monell* claim is an action that holds a municipality liable under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "Because *Monell* suits are ultimately intended to hold municipal entities liable, they cannot be brought against individuals in their personal capacities." *Doe #1 v. Montgomery Cnty. Bd. of Educ.*, No. 21-cv-356, 2021 WL 6072813, at *9 (D. Md. Dec. 23, 2021) (citing cases). Nor does Plaintiff establish the elements of a *Monell* claim. *See Starbuck v. Williamsburg James City Cnty Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022) (municipalities can be liable under *Monell* "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law").

Accordingly, Defendants' motion to dismiss Sheriff Hill from Counts Two and Three will be granted. As it is also undisputed that Sheriff Hill is protected by sovereign immunity from Plaintiff's state law battery claim, Sheriff Hill will be dismissed from the case entirely.

Motion for Judgment on the Pleadings

Defendants later filed a motion or judgment on the pleadings that raised a single argument—that Plaintiff's complaint was barred by the relevant statute of limitations.

Plaintiff alleges in his complaint that he was injured by Deputy Gibson on June 26, 2019. Compl. ¶ 7. There is no dispute between the parties that Virginia's two-year statute of limitations for personal injury claims is applicable to Plaintiff's § 1983 claims as well as his state-law battery claim. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (explaining that "[t]here is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied," and "Virginia has a two-year statute of limitations for personal injury claims"). Nor is there any dispute that, in the absence of tolling, Plaintiff's statute of limitations would have run on June 26, 2021. Dkt. 33 at 3 (Plaintiff arguing that, "the original limitation period would have expired on June 26, 2021 but was then extended by 126 days due to the Virginia Supreme Court tolling order"); Dkt. 34 at 1. However, Plaintiff filed his complaint on October 26, 2021.

The only issue presented here is whether the Supreme Court of Virginia's tolling orders addressing COVID-19 operated to toll Plaintiff's statute of limitations until October 26, 2021, when he filed his complaint.

Defendants argue that the Supreme Court of Virginia's tolling orders pertaining to COVID "only tolled the statute of limitations that were set to expire *during* the Orders' effective period—March 16, 2020, through July 19, 2020." Dkt. 34 at 2 (emphasis in original). Defendants focus on the language of the Second Emergency Order, which provided that "all applicable deadlines, time schedules and filing requirements, including any applicable statute of limitations which would otherwise run *during the period this order is in effect*, are hereby tolled and extended, pursuant to § 17.1-330(D), *for the duration of this Order*."[2] The Seventh Order states

---

[2] *See* http://vacourts.gov/news/items/2020_0327_scv_order_extending_declaration _of_judicial_emergency.pdf (In re: Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency) (emphases added).

that "[t]he tolling period as a result of the Judicial Emergency for such statutes of limitations shall be limited to March 16, 2020 through July 19, 2020. This period of tolling shall not be counted for purposes of determining the statute of limitation or other case-related deadlines."[3] It also incorporates certain provisions in prior orders, stating that "[t]he provisions of the Sixth Order, as amended and modified by this Order, are hereby incorporated by reference as if fully set forth herein and shall apply for the duration of this Order unless amended by future order." *Id.* Earlier orders have similar language. In Defendants' view, "according to the Second Emergency Order the tolling would apply only to applicable statutes of limitations which would have run during the tolling period, as stated in the Supreme Court's second order." Dkt. 34 at 2–3 (citing *English v. Quinn*, No. CL20-2857, 2022 WL 363981, at *4 (Va. Cir. Ct. Roanoke Cty. Feb. 7, 2022)). Plaintiff disagrees, responding that federal courts look to the state law statute of limitations, including state law tolling provisions—an issue Defendants do not actually contest. *See* Dkt. 33 at 2. Moreover, Plaintiff cites precedent from the Eastern and Western Districts of Virginia holding that Virginia's COVID-19 tolling orders would afford Plaintiff an additional 126 days to file his case. *See* Dkt. 33 at 2–3.

This Court concludes that the Supreme Court of Virginia's COVID-19 emergency orders operated to tolled Plaintiff's statute of limitations for 126 days, *i.e.*, the number of days between March 16, 2020, through July 19, 2020—and that tolling occurred even though Plaintiff's statute of limitations did not expire within those dates. The Supreme Court of Virginia recognized in the Third Order that the term "toll" means "to suspend or stop temporarily,"[4] stating that "[t]he

---

[3] *See* https://www.vacourts.gov/news/items/covid/2020_0708_scv_seventh_order.pdf (In re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency).

[4] *See* https://www.vacourts.gov/news/items/covid/2020_0422_scv_order_extending_declaration_of_judicial_emergency.pdf (In re: Third Order Extending Declaration of Judicial

Period of Judicial Emergency shall not be counted for purposes of calculating the deadline." *Id.* at 2 n.\*. And later, in its Seventh Order, the Supreme Court of Virginia determined that, "[t]he tolling period as a result of the Judicial Emergency for such statutes of limitation and deadlines shall be limited to March 16, 2020 through July 19, 2020. This period of tolling shall not be counted for purposes of determining statutes of limitation or other case-related deadlines."[5] That language accords with the common and accepted definition of "toll" cited by the Supreme Court of Virginia meaning that the Virginia Orders suspended or stopped temporarily the running of statutes of limitations from March 16, 2020 through July 19, 2020, and therefore the 126 days between those dates "shall not be counted" for purposes determining those statute of limitations. The language of the Seventh Order does not make any distinction between those plaintiffs with statutes of limitation that expire within that period, or after—it just says that "the tolling period" of March 16, 2020 through July 19, 2020, "shall not be counted for purposes of determining statutes of limitation." Because those dates were encompassed within the otherwise applicable statute of limitations period for Plaintiff's claims, by operation of the Supreme Court of Virginia's COVID-19 orders, those 126 days were not counted for purposes of determining Plaintiff's limitations period.

   The Court is not persuaded by Defendants' argument that the language from the Second Order warrants a different result. The Second Order did state that "any applicable statute of limitations *which would otherwise run during the period this order is in effect*, are hereby tolled

---

Emergency in Response to COVID-19 Emergency) (citing *Toll*, Black's Law Dictionary 1448 (6th ed. 1990)).

 [5] The order also stated that, with certain exceptions not applicable here, "beginning on July 20, 2020, for cases in the district and circuit courts, there shall be no further tolling of statutes of limitation or other case related deadlines." *See* https://www.vacourts.gov/news/items/covid/2020_0708_scv_seventh_order.pdf.

and extended, pursuant to Va. Code § 17.1-330(D), *for the duration of this Order*." If the Second Order were the only one before the Court, the conclusion may have been different. But the later Third through Seventh Orders did not include that same emphasized language, and those later orders would have only adopted earlier Orders' language that was not inconsistent with the later orders' terms. Accepting Defendants' proposed construction would lead to inconsistencies. For example, by its very terms, the Second Order appeared to limit tolling of statutes of limitations for those which "would have otherwise run *during the period this order is in effect*," and thus they were "tolled and extended … *for the duration of this Order*." But the "duration of th[at] Order," was from April 6 through April 26, 2020. Accepting Defendants' position that this language from the Second Order remained in force and unaltered in each subsequent COVID-19 Order, would mean that statutes of limitations were only extended through April 26, 2020, which is flatly contrary to the plain language and intent of the subsequent orders.

In addition, accepting Defendants' proposed construction would lead to some anomalous results. For instance, if Defendants were correct that only those plaintiffs with limitations periods that were set to expire from March 16, 2020 through July 19, 2020 were beneficiaries of the tolling, that would mean that (1) a plaintiff with an earlier limitations period that would otherwise be set to expire on *July 19, 2020* would get an additional 126 days to file their claim; whereas (2) a plaintiff with a later limitations period set to expire on *July 20, 2020* would receive no benefit from tolling and they would have to file suit that day. In the absence of plain language from the Orders to that effect, the Court is disinclined to accept such an interpretation that would give rise to such anomalous results. Finally, while concededly there is a split of authority on the point, this Court considers more persuasive those authorities which did not limit tolling only to those with statutes of limitations that expired between March 16 and July 19, 2020. *See, e.g.*,

*Ceriani v. Dionysus, Inc.*, No. 4:21-cv-108, --- F. Supp. 3d ---, 2022 WL 1185896, at *4 (E.D. Va. Apr. 20, 2022) (Leonard, M.J.) ("The language used in the Emergency Orders suggests to the Court that the Supreme Court of Virginia excluded the tolling period from any statute of limitations calculation, regardless of whether it expired during the tolling period."); *Crosswhite v. Reuters News & Media, Inc.*, No. 6:21-cv-15, 2021 WL 6125750, at *2 (W.D. Va. Dec. 28, 2021) (explaining that the Virginia COVID-19 orders provided "an extension of 126 days" for limitations periods that would have expired in August and September 2020); *but see English*, 2022 WL 363981, at *4 ("Because Plaintiff's two-year Statute of Limitations did not expire during the tolling period of March 16, 2020 through July 19, 2020, his Statute of Limitations period was not tolled.").

Accordingly, the Court concludes that Plaintiff's statute of limitations on the claims at issue in this case was tolled and therefore Plaintiff was afforded the benefit of an additional 126 days to file his complaint. Because Plaintiff filed his claims within the 126 days following the otherwise applicable expiration of his statute of limitations, the Court holds that his complaint was timely filed.[6]

\*     \*     \*

For these reasons, the Court will **GRANT** Defendants' motion to dismiss Sheriff Hill. *See* Dkt. 12. Count II is therefore **DISMISSED**. The Court will also **DISMISS** as duplicative Count III from the Complaint. Counts I and IV against Deputy Gibson remain. However, the Court will **DENY** Defendants' motion for judgment on the pleadings. *See* Dkt. 30.

The Clerk of Court is directed to strike Sheriff Hill as an active defendant in this case.

---

[6] Should controlling authority subsequently issue that is contrary to this Court's decision on this issue, Defendants may move for reconsideration at that time.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

ENTERED this <u>18th</u> day of July, 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE